IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **JELTRETA TEJEDA**, | Civ. No. 1:23-cv-01020-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| **MARK PIDDINGTON**, | |
| Defendant. | |

_____

AIKEN, District Judge:

Pro se plaintiff Jeltreta Tejeda seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff's IFP Application, ECF No. 2, is GRANTED.

BACKGROUND

Plaintiff, who lives in Oregon, alleges that defendant, a Wisconsin resident, "fraudulently proceeded with a [court] case based on claims of non-payment of a loan for Real Property." Compl. at 4, ECF No. 1. Plaintiff states that the property is located at 4424 Foothill Blvd, Rouge River, Oregon. *Id*. Further, plaintiff asserts that defendant received, apparently from plaintiff, payment in the form of a harvest

Page 1 – OPINION & ORDER

yield. *Id*. Plaintiff states that, on two occasions, he "request[ed] a set aside" with the Josephine County Clerk, which was denied for reasons unknown to plaintiff. *Id*. Plaintiff alleges that there was a court ruling in his foreclosure case, and that the property was placed in a sheriff's auction, set to take place a few days after plaintiff filed this lawsuit. *Id*. Plaintiff claims that defendant owes him $136,000 in damages.

Plaintiff asks the Court to "halt the sheriff's auction" and "uphold the burden of proof that payments have been made." *Id*. at 5. He requests that defendant's name be removed from the deed to the property, according to a mutual agreement between plaintiff and defendant. *Id*. He asks the Court to grant him full ownership of the property.

## LEGAL STANDARD

Generally, all parties instituting any civil action in the United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

action. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). A district court may deny leave to amend when amendment would be futile. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013).

## DISCUSSION

Taking plaintiff's' allegations as true, the Court concludes that the complaint fails to state a legal claim upon which relief can be granted. The Court understands that plaintiff is saying that defendant violated his rights, generally, by not accepting a harvest yield as a payment for his real estate loan. The Court understands that plaintiff is stating that he and defendant had an agreement and that, in plaintiff's view, defendant did not hold up his end of that agreement. But plaintiff's allegations are not sufficient to inform either the Court or the named defendant what legal claims are at issue. That means, plaintiff has not explained what *laws* defendant has violated. That is what lawsuits are about.

Plaintiff would need to, at a minimum, list specific statutory or constitutional provisions defendant violated to fix his complaint. In amending the complaint (filling out a new complaint) plaintiff should state what law defendant broke when he did not accept the harvest yield, or show the Court that plaintiff and defendant had a contract and that defendant breached (broke) that contract.

## CONCLUSION

Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), ECF No. 2 is GRANTED and the Complaint, ECF No. 1, is DISMISSED WITH LEAVE TO AMEND pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff MAY FILE

an amended complaint within <u>thirty days</u> of the date on which this Order is electronically docketed. Should Plaintiff fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice.

It is so ORDERED and DATED this  8th  day of November 2023.

    /s/Ann Aiken

Ann Aiken
United States District Judge

Page 5 – OPINION & ORDER